UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN PAXTON, on behalf of herself
and those similarly situated,

        Plaintiff,

v.                               Case No. 8:08-cv-189-T-27MAP

MORROW'S INCORPORATED
and CHRIS D. TARRANT,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a shift manager for Morrow's gourmet coffee shop, filed this action on behalf of herself and those similarly situated pursuant to the Fair Labor Standards Act to recover overtime compensation, minimum wages and other relief from Defendants Morrow's, Inc., and Chris D. Tarrant ("Defendants" collectively). Defendants move pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss Counts I and II of Plaintiff's amended complaint for lack of subject matter jurisdiction as to both Defendants (doc. 16). After consideration, I recommend that Defendants' motion to dismiss be denied.[1]

*A. Background*

The FLSA requires an employer to pay minimum wages and to pay overtime compensation for any hours worked in excess of forty in a workweek if the employee is engaged in commerce or in the production of goods for commerce ("individual coverage") or is employed by an enterprise engaged in commerce or in the production of goods for commerce ("enterprise

_____

[1] The district judge referred the matter to me for a report and recommendation (doc. 17). *See* 28 U.S.C. § 636 and Local Rule 6.01(b).

coverage"). 29 U.S.C. §§ 206(a), 207(a); *see Scott v. K.W. Max Investments, Inc.*, 256 Fed.Appx. 244, 247 (11th Cir. 2007). Therefore, an employee bringing a claim for unpaid minimum wages and overtime compensation must establish either individual or enterprise coverage in order to recover pursuant to the FLSA. *See Scott*, 256 Fed.Appx. at 247.

Plaintiff asserts her claims for minimum wage and overtime compensation against Morrow's and Tarrant pursuant to the FLSA. She alleges that she was an employee and that Defendants were her employers within the meaning of the FLSA.[2] With respect to her overtime compensation claim, she alleges that during the period from at least June 1, 2006 through May 12, 2007, Defendants failed to compensate her at a rate of one and one-half times her regular rate for all hours worked in excess of forty, which amounted to approximately 520 hours total. As to her minimum wage claim, Plaintiff alleges that during the period from May 1, 2007 through May 12, 2007, Defendants failed to compensate her at the required statutory rate of at least minimum wage. In addition, Plaintiff alleges that Defendants did not pay similarly situated current and former employees at least minimum wage for all hours worked.

Defendants now move to dismiss Counts I and II of Plaintiff's amended complaint arguing that Plaintiff cannot establish subject matter jurisdiction as to both Defendants because Plaintiff cannot establish either individual or enterprise coverage. Namely, Defendants argue that Plaintiff cannot establish that Defendants were an enterprise engaged in interstate commerce or

---

[2] In her amended complaint, Plaintiff alleges that her duties "primarily involved repair and assembly of scooters" (doc. 15 ¶ 13). In Defendants' motion and in Plaintiff's response to Defendants' motion, however, each party identified Plaintiff's position as that of a shift manager. Although Plaintiff states that she plans to file a motion to correct the scrivener's error in the amended complaint to reflect her position as a shift manager (doc. 18 at note 2), she has not done so.

that Plaintiff was an employee engaged in commerce.  Additionally, Defendants argue that Plaintiff cannot establish subject matter jurisdiction as to Tarrant as an officer of the corporation since Plaintiff cannot establish either individual or enterprise coverage.  Defendants also move to dismiss Count III of Plaintiff's amended complaint stating that it is a claim for recovery of unpaid minimum wages under state law and should be dismissed if the Court dismisses Counts I and II.  However, while Count III of the *initial* complaint asserted a claim for recovery for unpaid wages under the Florida Statutes, Count III of the *amended* complaint asserts a claim for a statutory collective action pursuant to 29 U.S.C. § 216(b).  While Plaintiff devotes the majority of her response to a discussion of her collective action, Defendants have not challenged that claim.  Therefore, since Defendants have not challenged the § 216(b) collective action, this report will not address Count III of the amended complaint.

　　*B. Discussion*

　　Although the Defendants have presented the current motion as an attack on subject matter jurisdiction pursuant to Rule 12(b)(1), the Eleventh Circuit has cautioned that a "district court should only rely on Rule 12(b)(1) 'if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*'" *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)(emphasis in original)(citing *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.,* 104 F.3d 1256, 1261 (11th Cir. 1997)).  Jurisdiction becomes intertwined with the merits of a cause of action when the statute that provides the basis for subject matter jurisdiction also provides the basis for the plaintiff's substantive claim for relief.  *Id.* at 926; *see Turcios v. Delicias Hispanas Corp.*, 2008 WL 1923071 *2 (11th Cir. 2008)(*per curiam*)(finding the question of enterprise coverage intertwined with the merits of an FLSA claim).  The Eleventh

Circuit has stated that when the jurisdictional challenge implicates the merits of the underlying cause of action:

> "[T]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits.  This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection for the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place great restrictions on the district court's discretion.... [A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action.  The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial."

*Garcia*, 104 F.3d at 1261 (citations omitted).  A district court's decision to use the Rule 12(b)(6) standard or the Rule 56 standard will depend on whether the district court considers matters outside of the pleadings.  *Garcia*, 104 F.3d at 1266 n. 11.  If the district judge finds that the jurisdictional challenge implicates the merits of the underlying FLSA cause of action, then, under this analysis, the Rule 12(b)(6) standard would apply since Defendants have not submitted any matters outside of the pleadings.

Under the Rule 12(b)(6) standard, the pleadings are construed broadly, and the allegations in the complaint are viewed in the light most favorable to the plaintiff.  *Watts v. Florida Intern. University*, 495 F.3d 1289, 1295 (11th Cir. 2007).  All that the Rules require is that the claimant set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of what the claim is and the grounds upon which it rests.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964 (2007).  While the complaint "does not need detailed factual allegations, a plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful)."  *Twombly*, 127 S.Ct. at 1964-65 (internal citations omitted).

Plaintiff's amended complaint provides detailed allegations regarding her period of employment, number of hours worked for which she was not compensated, number of overtime hours, and total alleged damages.  It also contains "'direct or inferential allegations respecting all the material elements necessary to sustain a recovery under'" the FLSA.  *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-1283 (11th Cir. 2007)(citing  *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)).  Unlike the initial complaint, the amended complaint provides sufficient factual allegations to put Defendants on notice of Plaintiff's claims and the grounds upon which they rest.[3]

*C.  Conclusion*

Accordingly, it is hereby

RECOMMENDED:

1.  Defendants' motion to dismiss for lack of subject matter jurisdiction (doc. 16) should be denied.

---

[3]  Although my initial report and recommendation suggested that Plaintiff should file an amended complaint stating factual allegations relating to Plaintiff's status as an employee engaged in commerce or the production of goods for commerce or to Defendant's status as an enterprise engaged in commerce or the production of goods for commerce, I find that Plaintiff's amended complaint states her claims with enough factual matter, taken as true, to suggest the required elements of both minimum wage and overtime claims pursuant to the FLSA.  *Watts*, 495 F.3d at 1295.

IT IS SO REPORTED at Tampa, Florida on this 31st day of July, 2008.

*Mark A. Pizzo*

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James D. Whittemore
Counsel of Record

6